UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
COURT FILE NO.: 17 CV

| | |
|---|---|
| Miroslav Djokic, AKA Miroslav Dokic<br><br>Plaintiff,<br>v.<br><br>American Coradius International LLC<br><br>Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Defendant's illegal efforts to collect a consumer debt from the Plaintiff, Mr. Miroslav Djokic.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and the Defendant transact business here.

## PARTIES

4. Plaintiff, Miroslav Djokic, is a natural person who resides in the City of Chicago, County of Cook, State of Illinois, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

5. Defendant American Coradius International LLC is a Delaware Limited Liability Company, "LLC", which is licensed to conduct business in New York, with an office located at 2420

Sweet Home Road, #150, Amherst, NY 14228 (hereinafter "Defendant") and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. In or around 2006, Plaintiff purchased a condominium, his primary residence, located at 321 S. Sangamon, in Chicago, IL. The Plaintiff lived in the Sangamon residence with his wife and children.

7. When the Plaintiff purchased his Sangamon Residence, he took out a mortgage and a line of credit.

8. The Plaintiff's line of Credit was applied for with Citibank, N.A.

9. Sometime after the Plaintiff applied for his line of credit, he found himself in sever financial distress, and was no longer earning his regular salary at work.

10. The plaintiff used his line of credit to pay for the living expenses for his family. The Debt that the plaintiff applied for was a financial obligation that was primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. Unfortunately, in 2011, Plaintiff could no longer afford to make payments on the Line of Credit with Citibank, and he then defaulted on the agreement.

12. To make matters worse, the first mortgage holder for Plaintiff's Sangamon property foreclosed on the property and he had to move his family out of his home.

13. Furthermore, in late 2015, Plaintiff and his wife filed for divorce due to an inability to reconcile their marriage. As part of Plaintiff's dissolution of marriage, he was required to sell another home which he owned.

14. Although the Plaintiff's first mortgage holder foreclosed, Citibank transferred, cosigned, or sold the plaintiff's line of credit to American Coradius International LLC for collection of their debt.

15. During the pendency of the sale of his home, American Coradius International LLC contacted the Plaintiff's real estate agent, as well as Plaintiff's real estate attorney, and told them that the Plaintiff could not sell his home because he owed money to American Coradius International LLC.

16. American Coradius never had authority to discuss the Plaintiff's debt with a third party.

17. Furthermore, American Coradius International LLC informed the Plaintiff's realtor and attorney that they had a lien against the Plaintiff's real property, and that their debt must be paid before the Plaintiff could sell his real property.

18. By contacting the Debtor's realtor and telling them that the Plaintiff could not sell his property because he owed a debt, American Coradius International LLC contacted a third party in connection with the collection of a debt, which is a violation of 15 U.S.C. section 1692(c).

19. Furthermore, American Coradius International LLC, made false and misleading statements to the Plaintiff's realtor and the Plaintiff's attorney, by stating that they had a lien on the property owned by the Plaintiff. This false statement is a violation of 1692(e)(10) as it is a false representation and a deceptive means to collect a debt.

20. The above-described attempt to collect a debt made by the Defendant, was made in violation of the FDCPA.

## TRIAL BY JURY

21. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSE OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Defendant's attempt to collect money from the Plaintiff is a violation of the FDCPA because it was a communication with a third party, without the consent of the Plaintiff, in connection with the collection of a debt, which is a violation of the FDCPA. See 15 U.S.C. Section 1692(b).

24. Defendant's attempt to interfere with his real estate transaction by contacting his realtor and his real estate attorney, and making false statements regarding the status of the debt is a violation of the FDCPA, because the Defendant made false and deceptive tactics which is a violation of See 15 U.S.C. sections 1692(e) et al.

25. As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff;

Respectfully submitted,

Dated: September 28, 2016

**OLSTEIN LAW, LLC**

By: **s/Joseph M. Olstein**
Joseph M. Olstein
Attorney I.D.#6300472
10450 S. Western Ave.
Chicago, IL 60643
Telephone: (312) 725-4132
Facsimile: (312) 896-5769
Joseph@olsteinlaw.com
**Attorney for Plaintiff**